UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT D. WATTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:03-CV-526 (CEJ) |
| ) | |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Audrey G. Fleissig, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On August 15, 2006, Judge Fleissig issued a Report and Recommendation, recommending that the 28 U.S.C. § 2254 petition of Robert Watts for habeas corpus relief be denied. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

**I. Background**

On July 16, 1998, a jury convicted petitioner of second-degree murder, armed criminal action, and two counts of unlawful use of a weapon. The charges arose out of a fight between petitioner and the victim, where petitioner allegedly stabbed the victim. Petitioner was sentenced to life imprisonment on the murder charge, twenty years on the armed criminal action conviction, and five

years for each count of unlawful use of a weapon. On October 12, 1999, the Missouri Court of Appeals affirmed petitioner's convictions and sentences. Petitioner then filed a pro se motion for state post-conviction relief. An evidentiary hearing was held and petitioner's claims were denied. The Missouri Court of Appeals affirmed this denial on August 20, 2002, and petitioner filed this federal habeas action on April 24, 2003.

Petitioner makes three claims: (1) ineffective assistance of counsel where trial counsel failed to request a voluntary manslaughter instruction; (2) ineffective assistance of counsel where trial counsel failed to object to testimony that, in the hours prior to the stabbing, petitioner had said that he was going to kill someone and that he had already killed two people the night before; and (3) the trial court erred in admitting that same testimony. Judge Fleissig rejected each of these claims on their merits. Petitioner objects to Judge Fleissig's recommended disposition of the claims, and he objects to the standard of review employed by Judge Fleissig throughout her analysis, arguing that she gave too much deference to the decisions of the state courts.

**II. Discussion**

The Court will first examine petitioner's objection regarding the standard used by Judge Fleissig. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus cannot be granted unless: (1) the state decision was either contrary to, or involved an unreasonable application of, clearly established federal law; or (2) the state decision was an

unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Petitioner's objections seem to focus on whether there was an unreasonable application of clearly established federal law.

"[A]n unreasonable application of federal law is different from an incorrect application of federal law." Williams v. Taylor, 529 U.S. 362, 410 (2000). "Congress specifically used the word 'unreasonable', and not a term like 'erroneous' or 'incorrect'. Id. at 411. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. Instead, "that application must be unreasonable." Id.

Petitioner's objection that Judge Fleissig gave too much deference to the state courts is without merit. The Court finds that Judge Fleissig employed the appropriate standards in making her recommendations. Any deference given by Judge Fleissig was simply the deference due under the standards articulated in Williams.

Petitioner also objects to Judge Fleissig's analysis of his two ineffective assistance of counsel claims. To prevail on an ineffective assistance of counsel claim, petitioner must show both error and prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish error, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.

-3-

In other words, "counsel's representation [must fall] below an objective standard of reasonableness." Id. at 688. Because it is very easy to judge trial decisions differently in hindsight, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Indeed, petitioner has the burden to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal citations omitted). Even if petitioner is successful in establishing counsel error, he must also show "that because of counsel's error, there is a reasonable probability that the result of the proceedings would have been different." Id. at 690.

Petitioner's first ineffective assistance claim concerns his attorney's decision not to submit to the jury an instruction for voluntary manslaughter. At an evidentiary hearing, petitioner's trial counsel stated that he did not submit the voluntary manslaughter instruction because he felt that it would be inconsistent with the rest of the defense.[1] Counsel testified that, "It was our contention that [petitioner] did not mean to kill or even to stab [the victim], which I felt complied more with the language of recklessness." Counsel also testified that, to

---

[1]Under Missouri law, a person commits voluntary manslaughter when he causes the death of another under circumstances which would constitute second-degree murder, except that the person was under the "influence of sudden passion from adequate cause." Mo. Rev. Stat. § 565.023.1(1). Second-degree murder, in turn, is where a person "knowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person." Mo. Rev. Stat § 565.021(1).

-4-

overcome trial testimony that petitioner had the knife in his hand while fighting with the victim, "it was [the defense's] contention that he was using it in self-defense, and that he never had any intent to stab [the victim]."  Indeed, in counsel's opening statement he tells the jury, "you'll hear evidence that will make it obvious to you that [petitioner] did not know that [the victim] had been stabbed." (Tr. 221).  Counsel again stressed in closing arguments that the stabbing had been unintentional. (Tr. 774).

The Court recognizes that, under Missouri law, petitioner's attorney could have submitted the voluntary manslaughter instruction in this situation, regardless of any inherent inconsistency. See State v. Redmond, 937 S.W.2d 205, 209 (Mo. banc 1996).  However, the Court does not find that counsel's decision to submit only an involuntary manslaughter instruction falls below an objective standard of reasonableness.  Instead, given that petitioner's defense at trial rested so heavily on the stabbing being unintentional, it was reasonable trial strategy to omit a voluntary manslaughter instruction.  While, in hindsight, it may not have proven to be the best strategy, it does not rise to the level of error under Strickland.  Petitioner's first ineffective assistance claim is without merit.[2]

---

[2]Petitioner also argues that the Missouri Court of Appeals stated an erroneous standard for determining whether there was prejudice under Strickland.  Because the Missouri Court, like this Court, found that petitioner did not even establish counsel error, any allegedly erroneous standard articulated for the prejudice prong is irrelevant.

-5-

Petitioner's second claim is that counsel was ineffective for failing to object to testimony that petitioner said he felt like killing somebody and that he had just killed two people the previous night. Both statements were allegedly made by petitioner at a bar on the day of the stabbing. First, regarding the statement that petitioner felt like killing someone that night, counsel testified that he did not object because he "knew that [it] was going to be admissible because it was in the context of [petitioner's] conduct that evening." (Evid. Hearing at 55). Indeed, the Missouri Court of Appeals found this evidence admissible under Missouri law because it presents a complete and coherent picture of events surrounding the homicide. Given that any objection would have been unsuccessful under Missouri law, this Court cannot say that counsel's failure to object was unreasonable. See Patterson v. United States, 133 F.3d 645, 647 (8th Cir. 1998)(finding no ineffective assistance of counsel where motion that counsel failed to make would not have been successful).

In regard to petitioner's statement that he had killed two people the night before, counsel testified that he did not object because he wanted the jury to associate those two statements combined as "just talk and bravado". (Evid. Hearing at 55). Because testimony that petitioner said he was going to kill someone that night was admissible, counsel believed that showing petitioner had also made a clearly untrue[3] statement at the same time would

---

[3]Indeed, the witness who testified to these comments stated that she did not believe petitioner when he said that he had killed

-6-

help demonstrate that the both statements were simply unfortunately timed, untrue talk coming from an intoxicated person. (Evid. Hearing at 55). The Court finds no error under Strickland. Counsel's effort to explain a damaging, admissible statement by associating it with an unbelievable statement was reasonable trial strategy.

Even if counsel should have objected, petitioner has not shown that failing to object prejudiced him under the second prong of Strickland. The Court does not believe there is any reasonable probability that the result of petitioner's trial would have been different had counsel objected to this evidence. There is substantial evidence of petitioner's guilt, regardless of these statements. Petitioner's second ineffective assistance claim also fails.

Petitioner's final objection relates to his claim that the trial court erred in admitting these same statements. This evidentiary ruling is a matter of state law and there has been no showing that it was contrary to, or involved an unreasonable application of any clearly established federal law. As Judge Fleissig pointed out, only those evidentiary rulings which are "so grossly prejudicial that they fatally infect the entire trial, preventing it from being fundamentally fair, will justify habeas corpus relief." Henderson v. Norris, 118 F.3d 1283, 1286 (8th Cir. 1997). As mentioned above, this Court agrees with Judge Fleissig

---

people the previous night. (Tr. 259).

that the record shows substantial evidence of petitioner's guilt, even without these statements. The evidentiary ruling was not an unreasonable application of federal law and did not grossly prejudice petitioner's trial.

Petitioner's objections to Judge Fleissig's Report and Recommendation are overruled. Petitioner has not shown that the prior adjudication of his claims in state court was contrary to, or involved an unreasonable application of clearly established federal law. Nor has petitioner shown that the state adjudication was based on an unreasonable determination of the facts in light of the evidence presented. Federal habeas relief is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Audrey G. Fleissig [#25] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Robert D. Watts for a writ of habeas corpus [#4] is **denied.**

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2006.